UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASPEN INSURANCE U.K. LIMITED,<br><br>               Plaintiff,<br><br>v.<br><br>EMERALD CITY ESCROW LLC, DAVID SOBOL, ALLA SOBOL aka ALLA PYATETSKAY, JACOB A. KORN and ANDREA KORN, husband and wife, VLADISLAV BAYDOVSKIY AND DONATA BAYDOVSKIY, aka DONNATA BRENNER aka DONNA BRENNER aka NETA BRENNER, husband and wife, and ING BANK fsb,<br><br>               Defendants. | C09-820Z<br><br>ORDER |

THIS MATTER comes before the Court on Defendant ING Bank, fsb's Motion to Set Aside the Defaults of the Sobol Defendants, and/or for Leave to File ING's Supplemental Counterclaim, docket no. 92, and Defendant ING Bank, fsb's Response to the Court's Order to Show Cause Regarding ING's Counterclaim for Declaratory Relief, docket no. 95. Having fully considered all of the papers submitted in support of and in opposition to the Motion and ING Bank, fsb's Response to the Order to Show Cause, the Court enters the following Order.

ORDER - 1

**BACKGROUND**

On January 27, 2009, ING Bank, fsb ("ING") instituted a lawsuit (the "Underlying Lawsuit")[1] against Emerald City Escrow, LLC; David Sobol; Alla Sobol; Jacob and Andrea Korn; and Vladislov and Donata Baydovskiy (the "Underlying Defendants") in the United States District Court for the Western District of Washington. On June 15, 2009, Aspen Insurance U.K. Limited ("Aspen") filed the present suit for a declaratory judgment that it was not obligated to defend or indemnify the Underlying Defendants in the Underlying Lawsuit. Complaint ("Compl."), docket no. 1, ¶¶ 1-5. This Court granted Aspen's motion for summary judgment in the present suit, docket no. 62, finding that Aspen's insurance policy (the "Policy") required receipt of a claim before the expiration of the Policy on February 2, 2009, at 12:01 a.m., in order for Aspen's duty to defend or indemnify to arise, and that David and Alla Sobol did not receive a claim when they viewed a report describing the Underlying Lawsuit on courthousenews.com on either January 31, or February 1, 2009. Feb. 5, 2010 Order, docket no. 89.

David and Alla Sobol (the "Sobols") never answered Aspen's complaint or otherwise appeared in the present suit for three reasons: (1) their criminal defense counsel advised them not to answer or appear in order to preserve their Fifth Amendment rights; (2) they lacked the financial means to hire an attorney to represent them after the federal government seized their bank accounts and assets, and Leslie Drake could not represent them in a case against Aspen because she was paid in the Underlying Lawsuit by Aspen; and (3) they feared that, after filing a "Motion to Stay Civil Proceedings Pending Outcome of Criminal Case" in the Underlying Lawsuit, they could be seen as waiving their Fifth Amendment rights or as opening themselves to ING's discovery in the Underlying Lawsuit. D. Sobol Decl., docket no. 92, ¶¶ 4-6; A. Sobol Decl., docket no. 92, ¶¶ 4-6. The Clerk entered an order of default

---

[1] ING Bank, fsb v. Jacob Korn, et al., Case No. 09-cv-00124-TSZ.

ORDER - 2

against the Sobols on August 4, 2009.  Order, docket no. 29.  On November 9, 2009, the Court denied Aspen's motion for default judgment against the Sobols.  Order, docket no. 61.

The Sobols entered into a "Settlement Agreement, Assignment of Rights and Covenant Not to Execute" ("Assignment Agreement") with ING in November, 2009.  ING's Reply, docket no. 97, Ex. 1 (Assignment Agreement).  The Sobols "assign[ed] to ING all claims, suits, causes of action, rights and judgments they possess against Aspen (the "Assigned Claims") . . . includ[ing] . . . all claims for tort and extra-contractual damages of any kind recoverable from Aspen as well as any other damages or expenses incurred by the Sobols through the date of this Agreement."  Id. § II.8.  ING has previously moved for leave to file, on behalf of the Sobols, supplemental counterclaims alleging bad faith, violation of the Consumer Protection Act ("CPA"), and breach of contract against Aspen.  ING's Motion for Leave to File Supplemental Counterclaim, docket no. 78.  The Court denied without prejudice ING's motion, finding that because the Sobols are in default in the present lawsuit, ING could not bring the Sobols' claims.  Feb. 4, 2010 Order, docket no. 88.

ING has now moved the Court to set aside the Sobols' defaults and for leave to file ING's supplemental counterclaim.  In the alternative, ING moves for leave to file the assigned counterclaims without setting aside the Sobols' defaults.

The Court ordered ING to show cause by March 11, 2010, why the Court should not dismiss with prejudice ING's counterclaim for declaratory relief against Aspen, see Answer and Counterclaim, docket no. 43, ¶¶ 68-90, based on the Court's February 5, 2010 Order, docket no. 89, granting summary judgment in favor of Aspen on its claim for declaratory relief.  Feb. 17, 2010 Order, docket no. 90. On March 11, 2010, ING responded to the Court's Order to Show Cause.

ORDER - 3

**DISCUSSION**

### A. Whether the Court Should Set Aside the Sobols' Defaults

#### 1. Standard

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit has identified three relevant factors to determining whether good cause exists to set aside a default. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). These factors are: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense to the default; and (3) whether the plaintiff will be prejudiced if the default is set aside. See id. "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt if any should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) (citing Schwab v. Bullock's Inc., 508 F.2d 353 (9th Cir. 1974)).

#### 2. Whether Defendants Were Culpable in the Sobols' Defaults

The courts have "typically held that a defendant's conduct was culpable for purposes of the Falk factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001). The Sobols did not answer Aspen's complaint or otherwise appear in this case primarily because they were concerned that they might waive their Fifth Amendment rights in relation to the related criminal charges. D. Sobol Decl. ¶¶ 4-6; A. Sobol Decl. ¶¶ 4-7. The Court finds that the Sobols' decision not to appear in the present suit was not culpable because their reasons, protecting their Fifth Amendment rights, are not devious, deliberate, willful, or in bad faith. See TCI Group, 244 F.3d at 698.[2]

---

[2]The Court also notes that whether other parties, who were also defending related criminal charges, chose to answer Aspen's complaint does not affect whether the Sobols were culpable in their defaults when they were concerned with preserving their *own* Fifth Amendment rights.

ORDER - 4

### 3. **Whether Defendants Have a Meritorious Defense**

The burden on a party seeking to vacate a default judgment is not extraordinarily heavy, TCI Group, 244 F.3d at 700, and the burden is even less to set aside a default as opposed to a default judgment, Mendoza, 783 F.2d at 945. "An insurer's duty of good faith is separate from its duty to indemnify if coverage exists." Coventry Assocs. v. American States Ins. Co., 136 Wn.2d 269, 279 (1998). However, an insurance company has a right to seek a declaration as to its liability under its policy. See Nat'l Indem. Co. v. Smith-Gandy, Inc., 50 Wn.2d 124, 128 (1957). In order to prevail on a claim that an insurer acted in bad faith in investigating whether a claim is covered under the insurance policy, the insured must show that the insurer acted unreasonably in its investigation. Lakehurst Condo. Owners Assoc. v. State Farm Fire & Cas. Co., 486 F.Supp.2d 1205, 1213 (W.D. Wash. 2007).

Although ING alleges that Aspen decided to file this lawsuit within days of receiving notice of ING's claims against the Sobols and the other Underlying Defendants, and without making any investigation into whether the claims alleged by ING were covered under the Policy, Aspen did conduct a reasonable investigation of the Underlying Lawsuit and the Sobols' receipt of that lawsuit. See Hicks Decl., Ex. 1 (Marlin Depo.), at 140-148. On March 31, 2009, a representative for Aspen, John Silk, sent a letter to the Underlying Defendants requesting documentation that any of the Underlying Defendants had received ING's claims in the Underlying Lawsuit prior to the expiration of the Policy. Silk Decl., docket no. 63, Ex. 3 (Letter from John Silk), at 9. Mr. Silk noted that none of the Underlying Defendants had been served with the Underlying Lawsuit prior to February 13, 2009. Id. None of the Underlying Defendants, however, provided any documentation that they had received any claims in the Underlying Lawsuit prior to the expiration of the Aspen insurance policy. In fact, on April 8, 2009, Leslie Drake, counsel for the Sobols in the Underlying Lawsuit, responded that the Sobols *learned of* the Underlying Lawsuit prior to the expiration of the Policy on February 2, 2009, at 12:01 a.m., but that she received a copy of the

ORDER - 5

complaint on February 2, 2009, when she accessed the Court's ECF.  Hicks Decl., Ex. 3 (Letter from Leslie Drake to John Silk).  Mr. Marlin, Aspen's 30(b)(6) representative, then requested authority to file a declaratory judgment suit on June 1, 2009.  Hicks Decl., Ex. 1 (Marlin Depo.), at 70-71, 76.  On June 5, 2009, Mr. Marlin discussed with Mr. Clare and Mr. Bohanan of Aspen whether to file a declaratory judgment action, and received approval to file this suit.  Id. at 76.  Aspen filed this suit on June 15, 2009.

The Court finds that in light of the requirement in the Aspen insurance policy that a claim be received by an insured before the expiration of the policy period, Aspen's investigation of the claims in the Underlying Lawsuit was reasonable.  Before filing the present suit, Aspen observed that none of the Underlying Defendants had been served in the Underlying Lawsuit prior to February 13, 2009, and requested confirmation from the Underlying Defendants themselves whether any of them had received the Underlying Lawsuit prior to the expiration of the Aspen insurance policy.  Silk Decl., Ex. 3 (Letter from John Silk).  In addition, the Court concludes that it was reasonable for Aspen to file the current lawsuit after receiving Ms. Drake's response that Mr. Sobol *learned of* the Underlying Lawsuit prior to the expiration of the policy period.  Because Aspen's investigation into whether the Sobols' claim was covered was reasonable, the Court concludes that the assigned claims do not constitute a meritorious defense against Aspen.

**4.     Whether Aspen Will be Prejudiced if the Defaults are Set Aside**

In order to be prejudicial, the setting aside of a default must result in greater harm than simply denying resolution of the case.  See TCI Group, 244 F.3d at 701.  The standard is whether the plaintiff's ability to pursue the claim will be hindered.  Id.  Merely being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default.  See id.

The Court concludes that Aspen will be prejudiced if the Sobols' defaults are set aside.  Aspen has not been spared from litigating the merits of the coverage dispute at issue

ORDER - 6

in this case.  In fact, Aspen litigated fully the merits of the coverage dispute with the Brenners, Korn, and ING, and the Sobols' supplied affidavits in opposition to Aspen's motion for summary judgment.  A. Sobol Decl. in Opp. to Aspen's Motion for Summary Judgment, docket no. 72; D. Sobol Decl. in Opp. to Aspen's Motion for Summary Judgment, docket no. 73.  ING argues that Aspen would not be prejudiced by setting aside the Sobols' defaults because Aspen would only be required to litigate the merits of the assigned counterclaims.  However, because the Court concludes that the assigned counterclaims do not constitute a meritorious defense to Aspen's claims, and because Aspen has already fully litigated the merits of the coverage dispute, the Court also concludes that Aspen would be prejudiced if the Sobols' defaults were set aside.

**B.     Conclusion Regarding Whether the Court Should Set Aside the Sobols' Defaults**

For the foregoing reasons, the Court DENIES ING's motion to set aside the Sobols' defaults.  The Court finds that ING has not shown good cause to set aside the Sobols' defaults.  Although the Sobols were not culpable in the Sobols' defaults, the assigned counterclaims do not constitute a meritorious defense to Aspen's claims and Aspen would be prejudiced if the Sobols' defaults were set aside.

**C.     Whether the Court Should Grant ING Leave to File Supplemental Counterclaims**

As the Court has previously held, ING stands in the shoes of the Sobols by way of the Assignment Agreement, Feb. 4, 2010 Order, docket no. 88, and because the Court finds that there is not good cause to set aside the Sobols' defaults, the Court also finds that ING cannot bring the Sobols' assigned counterclaims in this action.  See Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D. 360 (E.D. Wis. 2004); Burr v. Lane, 10 Wn. App. 661, 670 (1974) (in garnishment proceedings, injured party's rights (after recovering judgment against insured) are merely derivative and are no greater than the insured's rights against the insurer

on the insurance policy, and any defense of insurer against insured is also available against the injured party).

Although ING argues that it should be permitted to file the assigned counterclaims even if the Sobols remain in default because the Sobols never filed an answer in response to Aspen's complaint, the Court does not so conclude. Rule 13 requires that a pleading

> state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). ING cites to Wright & Miller's Federal Practice and Procedure for the proposition that "if the default judgment precedes defendant's filing of a responsive pleading—even if it occurs following an unsuccessful motion to dismiss—the defaulting defendant may assert the claim in a later action." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2681 (3d ed. 2010). ING, however, seems to ignore the fact that ING is attempting to bring what would have been a compulsory counterclaim had the Sobols answered Aspen's complaint in the *same* action. Thus, the Court concludes that ING cannot bring the Sobols' assigned counterclaims in this action while the Sobols remain in default under Rule 55(a).

For the foregoing reasons, the Court DENIES ING's motion for leave to file a supplemental counterclaim against Aspen. By way of the Assignment Agreement, ING stands in the shoes of the Sobols, and thus, ING cannot bring the assigned counterclaims in this action while the Sobols remain in default.

**D.  Whether ING has Shown Cause Why the Court Should Not Dismiss with Prejudice ING's Counterclaim for Declaratory Relief**

The Court finds that ING has not shown cause why the Court should not dismiss with prejudice ING's counterclaim for declaratory relief against Aspen based on the reasoning set

ORDER - 8

forth in the Court's Order, docket no. 89, granting summary judgment in favor of Aspen on its claim for declaratory relief. The Court finds that ING has not shown that ING's counterclaim for declaratory relief survives when the Court granted summary judgment in favor of Aspen on the same issues for declaratory relief, finding that Aspen was not obligated to defend or indemnify the Underlying Defendants in the Underlying Lawsuit when ING's claim was not received during the policy period. See Feb. 5, 2010 Order, docket no. 89. Thus, the Court DISMISSES WITH PREJUDICE ING's counterclaim for declaratory relief against Aspen. See Answer and Counterclaim, docket no. 43, ¶¶ 68-90.

**Conclusion**

For the foregoing reasons, the Court:

(1) DENIES ING Bank, fsb's Motion to Set Aside the Defaults of the Sobol Defendants, docket no. 92;

(2) DENIES ING Bank, fsb's Motion for Leave to File ING's Suppplemental Counterclaims, docket no. 92; and

(3) DISMISSES WITH PREJUDICE ING Bank, fsb's counterclaim for declaratory relief, see Answer and Counterclaim ¶¶ 68-90.

IT IS SO ORDERED.

DATED this 6th day of May, 2010.

                                                Thomas S. Zilly
                                                United States District Judge